

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Joe P. Flack
County Attorney
Menard County
Menard, Texas

Dear Sir:

Opinion Number O-5516
Re: Does the County Board of Trustees
of Menard County have the author-
ity to declare null and void an
election held to determine if six
common school districts shall be
annexed to Menardville Independent
School District when the election
order provided that the election
be held only in the independent
district?

We have your request for an opinion on the questions
submitted to you by Judge Franks, County Judge, in the follow-
ing letter:

"Enclosed find the following:
Order for an election,
Notice of election with sheriff's return,
Publisher's affidavit of publication,
Order declaring result of election.

"An application has been filed with the County
Board of School Trustees of Menard County praying
that the said County Board of School Trustees de-
clare the election held on the 19th day of June
1943, to be null and void and of no effect.

"The application recites the fact that 1 Inde-
pendent School District and 6 Common School Dis-
tricts were involved and that the election order

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Joe P. Flack, page #2

called for only one voting place which was the
regular voting place for the Independent Dis-
trict. And for all school elections it has been
customary that a voting place be provided in each
of the school districts. And that some of the
voters went to the usual voting places in the
said Common School Districts finding no oppor-
tunity to vote.

"With these facts before you the County Board
of School Trustees of Menard County requests that
you give your opinion and advice on the following
questions:

"1st. Does the County Board of School Trustees
have the authority to declare the election null
and void at this time?

"2nd. In case the above question is answered
in the affirmative then is the election legal?"

Replying to your question No. 1, you are advised that
the County Board of School Trustees does not have the author-
ity to declare the election null and void. The district court
has jurisdiction of such election contests. See Article 3069
et seq.

Replying to your second question, we think the election
was legal, although we have been unable to find any case on all
fours with the case under consideration. A number of cases
have held that a majority vote of the voters of the proposed
district is all that is required. If the election had been held
in each of the districts, and a majority of the voters in four
out of five districts had been cast against the annexation and
a majority in the fifth district in favor of annexation had been
cast sufficient to overcome the majority against annexation in
the other four districts, the proposition would have been legal-
ly carried in favor of annexation. As stated above, we have
been unable to find a case wherein the election was held in only

Honorable Joe P. Flack, page #3

one place, and we agree with the opinion expressed by the County Attorney to the effect that it would have been better and safer to hold the election in more than one place.

See County v. Mitchell, 38 S. W. (2d) 770, County Board of School Trustees v. Mayfield, C. S. D. #22, 140 S. W. (2d) 956, Mt. View C.S.D. v. Blanco County Board of School Trustees; 149 S. W. (2d) 224.

We are assuming that the district as enlarged contains an area of more than 100 square miles.

Trusting that the above satisfactorily answers your questions, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By O. F. Gibson
O. F. Gibson
Assistant

CFG-s

ok
c.C.R.

APPROVED SEP 22, 1943
Gerald C. Mann

ATTORNEY GENERAL OF TEXAS


APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN